UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANIEL PECK,<br><br>    Plaintiff,<br><br>    v.<br><br>LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:17-cv-2047 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 1915. (ECF No. 7.) Plaintiff alleges defendants violated his rights under the First and Eighth Amendments. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will dismiss plaintiff's complaint without prejudice for failure to exhaust administrative remedies.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**BACKGROUND**

Plaintiff alleges the events giving rise to the claims contained in the complaint occurred while he was housed at Mule Creek State Prison. Plaintiff names as defendants Warden Lizarraga, Correctional Lieutenant Moeckly, Correctional Sergeant Peterson, and Correctional Officer Sly.

Plaintiff claims correctional officers physically assaulted him, solicited inmates to physically assault him, refused to provide plaintiff with medical treatment, and failed to return plaintiff's religious material when he was released from administrative segregation.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

2

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Exhaustion of Administrative Remedies**

Generally "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

In California, an inmate may appeal "any policy, decision, action, condition, or omission . . . having a material adverse effect on upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Inmates must complete three levels to exhaust the appeal process: (1) formal written appeal on CDCR Form 602; (2) second-level appeal to the institution head or designee; and (3) third-level appeal to the Director of the CDCR. Id. § 3084.7. The third level constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. Id. § 3084.7(d)(3).

It is clear from plaintiff's recitation of the facts, that he did not exhaust administrative remedies for all four of the claims contained in the complaint. (ECF No. 1 at 4, 5, 6, 7.) As it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies, the court must recommend dismissal of the complaint. See Booth v. Churner, 532 U.S. 731, 738 (2001) (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained).

////

Because plaintiff did not exhaust his administrative remedies prior to filing his complaint in this court, the court "must dismiss his suit without prejudice." Vaden, 449 F.3d at 1051 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). If plaintiff wishes to pursue these claims, he must file a new action when, and if, he has exhausted his administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/peck2047.scrn